UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OMNI MEDSCI, INC.,<br><br>    *Plaintiff/Counter Defendant,*<br><br>    vs.<br><br>APPLE INC.,<br><br>    *Defendant/Counter Claimant.* | Case No.  20-cv-00563-YGR<br><br>**[PROPOSED]** ORDER GRANTING MOTION TO STAY PENDING INTERLOCUTORY APPEAL RELATED TO STANDING QUESTION<br><br>\*as Modified by the Court\*<br><br>Date:   N/A (*see* Gen. Order 72; Please see Notice of Motion)<br>Time:  N/A<br>Judge: Hon. Judge Yvonne Gonzalez Rogers<br>Courtroom:     1, 4th Floor<br><br>JURY TRIAL DEMANDED |

Now before the Court is Defendant and Counter-Claimant Apple Inc.'s ("Apple") unopposed Motion to Stay Pending Interlocutory Appeal Related to Standing Question. The Court has considered Apple's motion. The Court finds that it is appropriate to stay this case pending the resolution of Apple's interlocutory appeals related to the question of whether Plaintiff and Counter Defendant Omni MedSci, Inc. ("Omni") has standing in the related actions *Omni MedSci, Inc. v. Apple Inc.*, Case No. 19-cv-05924-YGR, and *Omni MedSci, Inc. v. Apple Inc.*, Case No. 19-cv-05673-YGR.  The resolution of the question of standing has the potential to dispense with this case entirely.  *See Matera v. Google, Inc*., Case No. 15-cv-04062, 2016 WL 454130, at \*3 (N.D. Cal.

Feb. 5, 2016) (finding resolution of question of standing "weighs in favor of granting a temporary stay").

In determining whether to stay this case, courts in this District examine three factors: "'[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The Court has considered these factors and finds that all three weigh in balance of a stay. Substantial work remains for the parties and for the Court in briefing, infringement contentions, and invalidity contentions, no trial date has been set, the result of the interlocutory appeal could be dispositive, and Omni does not compete with Apple and suffers no prejudice from a stay.

According, Apple's Motion to Stay is **GRANTED**. The pending motion for judgment on the pleadings is **DENIED** without prejudice to refiling, if needed, after resolution of the appeal. The related administrative motion is preliminarily **GRANTED**.

This Order terminates Docket Nos. 45, 46, and 47.

It is therefore **ORDERED**.

DATED: April 28, 2020

Honorable Yvonne Gonzalez Rogers
United States District Judge